**IN THE COURT OF APPEALS OF IOWA**

No. 13-1688
Filed October 29, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM J. BURNS,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

William Burns appeals from the district court's judgment and sentence for operating while intoxicated.  **AFFIRMED.**

Colin C. Murphy of Colin Murphy, P.C., Clear Lake, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and R. Blake Norman, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

William Burns appeals his conviction for operating while intoxicated, in violation of Iowa Code section 321J.2 (2013). He claims the court erred by not suppressing his refusal to take breath or urine tests because the peace officer did not satisfy the exact conditions for invoking implied consent under section 321J.6. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26.

On January 3, 2013, Burns was involved in a three car accident, which rendered his car inoperable. After arriving at the accident scene, the officers determined Burns was at fault. The officers noticed Burns had constricted pupils, and slow, slurred, and mumbled speech. The officers suspected Burns was impaired due to alcohol or a relaxant drug. The officers decided it would be best to transport Burns to the police station to conduct further interviews and investigate a possible violation of Iowa Code section 321J.2. On the way to the police station, an officer asked Burns if he had taken any prescription drugs and Burns admitted taking Ambien and Xanax, and drinking alcohol earlier in the day. The officer also informed Burns he wanted him to perform some field sobriety tests at the station. Burns responded he had a lawyer who informed him not to do anything.

Once Burns and the officer arrived at the station, the officer asked Burns again if he would "complete any tests." Burns again responded in the negative. The officer asked Burns three more times if he wanted to complete "field sobriety or any tests of any kind," and Burns stated he "did not want to do any tests

whatsoever." The officer determined reasonable grounds existed to invoke implied consent. After the officer invoked implied consent the officer asked Burns if he would submit to a preliminary breath test. The officer could not remember if he used the acronym "PBT" or the actual words "preliminary breath test." Once again, Burns declined the offer.

We review the district court's interpretation of a statute such as section 321J.6 for errors at law. *See State v. Hicks,* 791 N.W.2d 89, 93 (Iowa 2010). If the court correctly applied the law, we determine if substantial evidence supports its findings of fact. *Id.*

The State argues the officer's actions constitute substantial compliance with the statute. We agree. Iowa Code section 321J.6 establishes the authority of a peace officer to test the breath, blood, or urine of any person suspected of driving while intoxicated. *State v. Overbay*, 810 N.W.2d 871, 875 (Iowa 2012). "It provides that when there are 'reasonable grounds to believe that the person has been operating a motor vehicle in violation of section 321J.2 or 321J.2A [that person] is deemed to have given consent to the withdrawal of specimens.'" *Id.* (citation omitted). Once an officer determines there are reasonable grounds to believe the person is intoxicated, the officer must determine if any one of the seven conditions in section 321J.6 (1)(a)–(g) exists. In this case, the officer invoked the condition: "The person has refused to take a preliminary breath screening test provided by this chapter." Iowa Code § 321J.6(1)(c).

While the officer did not specifically state the words "preliminary breath test" prior to invoking implied consent, the officer substantially complied with the

purpose and meaning of section 321J.6. The officer asked Burns multiple times whether or not he was willing to submit to testing. Burns unequivocally declined each invitation. "Substantial compliance with section 321J.6 is sufficient to invoke the implied-consent procedure provided the underlying requirements of the section were not compromised." *State v. Albrecht*, 657 N.W.2d 474, 477 (Iowa 2003); *see also State v. Satern*, 516 N.W.2d 839, 841 (Iowa 1994) (holding that substantial compliance with section 321J.6 is sufficient if the purposes underlying section 321J.6's procedural requirements "were not compromised"). The purpose of section 321J.6 is to identify and remove intoxicated drivers from the highways, while also protecting the privacy interests of the public. *State v. Palmer*, 554 N.W.2d 859, 863 (Iowa 1996). Despite the fact the officer should have explicitly asked Burns to submit to a preliminary breath test prior to invoking implied consent, we believe the officer substantially complied with the statute by asking Burns multiple times if he would consent to testing.

**AFFIRMED.**